Mary HEILMAN–ASMUS,
Plaintiff–Appellant,

v.

Fred H. YOUNG; Mark Archuleta; Pete Chan; Tony Harris; People of the State of California, acting by and through the Department of Transportation named as the California Department of Transportation, Defendants–Appellees.

No. 99–56741.

D.C. No. CV–98–7036–GHK.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 8, 2001.

Decided March 28, 2001.

Before KOZINSKI and TALLMAN, Circuit Judges, and WINMILL, District Judge.*

## MEMORANDUM **

■ The heart of this dispute is whether Heilman–Asmus suffered cognizable adverse employment actions. An action is cognizable as an adverse employment action if it is "reasonably likely to deter employees from engaging in protected activity." *Ray v. Henderson*, 217 F.3d 1234, 1243 (9th Cir.2000).

■ Heilman–Asmus alleges no less than twelve actions she believes constitute adverse employment actions.[1] As to Acts 1(a) and 12, there is no evidence in the record to support an inference that a transfer was based upon a retaliatory motive since there was no evidence that the decision-maker was even aware of Heilman–Asmus' complaints. Acts 2–3 are two isolated instances of unfulfilled threats that cannot be construed as adverse employment actions. Acts 4–7 and 10 amount, at most, to insufficient remediation, and cannot be construed as retaliatory in nature.

■ Acts 1(b), 8 and 9 all concern appellees' conduct toward Heilman–Asmus' husband. There is no evidence that the transfer of Heilman–Asmus' husband adversely affected even his own employment. These Acts cannot be the basis for an adverse employment action against Heilman–Asmus. Act 11 fails on two grounds. First, there is no evidence that the allegations are true. Second, even if they are true, they do not amount to adverse employment action.

---

* The Honorable B. Lynn Winmill, Chief United States District Judge for the District of Idaho, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. We enumerate the alleged adverse actions as they are set forth in Judge King's Memorandum and Order dated August 27, 1999, with the exception of Act 12, which is raised for the first time in this appeal.

In sum, while several of these Acts may have relevance to a harassment claim, that claim has been settled. The district court was correct in its conclusion that Heilman–Asmus had not established a prima facie case of retaliation.

AFFIRMED.